Pearson, J.
 

 We concur with his Honor, that as the defendants did not accede to the proposition of Glines and Graham, as to shipping the corn upon a guaranty that it should bring seventy cents per bushel at the time the proposition was made, it did not remain open, and the defendants could not therefore assent to it without the concurrence of Glines and Graham. “ It takes two to make a bargain” is a maxim of law, the soundness of which strikes the good sense of every one, so that it has become a “ common saying.”
 

 
 *42
 
 It may be, that if the defendants had shipped corn in the vessels that were then on their way from New York, and arrived in Murfreesboro’ early in December, there would have been good ground for contending, that as the proposition was made in reference to those vessels, it remained open until their arrival. But the defendants did not avail themselves of that opportunity for making a shipment; so the question does not arise. "We consider it very clear that they were “ behind time” in shipping on the other vessels that arrived on the 22nd of January ; because it. does not appear that these vessels were “ on their way to Murfreesborough from New York” at the time the proposition was made; consequently, there is no pretext for saying it was made in reference to them, and there is no ground to support the position that it remained open until their arrival.
 

 Mr. Smith,
 
 for the defendants, assumed the position, that the proceeding in a garnishment is in the name of the absconding debtor (as plaintiff), to the use of the attaching creditor, against.the debtor who is garnisheed, and from this he deduced the conclusion, that the proceedings in the garnishment of Lawrence and Lassiter, where there was an issue, and verdict that there were no funds in defendants’ hands, except the amount confessed, was an estoppel of record, being upon the same fact put in issue by the present proceedings, and between the
 
 same parties,
 
 to wit, the debtor as plaintiff, and the present defendants.
 

 W"e deny the premises. The proceeding in a garnishment is in the name of the attaching creditor, who, by force of the statute, is the assignee of the absconding debtor, for the purposes of the attachment; so the parties acting as plaintiffs, in the two pi’oceedings, were not the same; and consequently the verdict in the former does not conclude ; being
 
 res inter alios aeta.
 
 It would be strange if this were not so, for the attaching creditor in one garnishment may be content, if enough is found to pay his debt, to let a verdict pass in favor of a defendant as to the residue; or at all events, he may not feel disposed to contest the matter, while the creditor in an
 
 *43
 
 other garnishment may be disposed to do so, and there can be no reason why the way should not be left open for him. This disposes of the question in reference to the amendment, and it is unnecessary to enter further into it.
 

 It was then insisted, that as the plaintiffs were nonsuited in the county court, they had no right to appeal. It is every day’s practice in the superior court, for a plaintiff to submit to a nonsuit, in deference to an intimation of the court, and appeal. The same practice is applicable to the county court. If the plaintiff thinks he has not made out his case, there is no reason why he may not submit to a nonsuit and take an appeal; for it does not amount to a retraxit or voluntary abandonment of his suit. There is no error.
 

 Pee CueiaM, Judgment affirmed.